# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| NATHANIEL CADDELL, ET Al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 23-1011-SHM-tmp |
| ) | |
| OBION COUNTY DETENTION CENTER, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 5) AS TO PLAINTIFF NATHANIEL CADDELL; DISMISSING THE COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE; DIRECTING THAT A PROPOSED AMENDED COMPLAINT BE FILED; DENYING MOTION FOR A JURY TRIAL (ECF NO. 4); AND DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 3)**

On January 20, 2023, Plaintiffs (1) Nathaniel Caddell, (2) Deandre Pickering, (3) Gary Baker, (4) Cordetrick Perry, (5) Rodney L. Nance, Sr., (6) Desmond Miller, (7) Fabian Bills, (8) Paul Bingh, (9) James W. Dunkle, (10) Clint Raymen, (11) Bryan Watkins, (12) Dalton Crutchfield, Jr. and (13) Jordan Powell (collectively, the "Plaintiffs") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The plausible inference from the record is that all of the Plaintiffs were confined at the Obion County Detention Center (the "OCDT") in Union City, Tennessee, when they filed the complaint. (ECF No. 1 at PageID 2-9; ECF No. 1-1 at PageID 10; ECF No. 3 at PageID 12.) The complaint makes generalized claims about: verbal harassment; searches of inmate property at the OCDT because of fentanyl overdoses by prisoners at the OCDT; property loss; cruel and unusual punishment; sexual harassment during body cavity searches; and deprivation of equal protection. (ECF No. 1 at PageID 1-8.) The Plaintiffs

sue six (6) Defendants: (1) the OCDT; (2) Sheriff Carl Jackson; (3) Chief Kent Treece; (4) Captain Kasi Kissell; (5) Sergeant Michael Sharp; and (6) Correctional Officer Poole.  (*Id*. at PageID 1.)  The Plaintiffs seek five hundred million dollars ($500,000,000.00) in damages.  (*Id*. at PageID 8.)

On February 6, 2023, Caddell filed: (1) a motion for appointment of counsel, seeking to submit the motion on behalf of "we the plaintiffs of docket 1:23-cv-01011." (ECF No. 3 (the "Motion For Appointment Of Counsel")); and (2) a motion for jury trial, seeking to submit the motion on behalf of "we the inmates at [the OCDT]."  (ECF No. 4 (the "Motion For Jury Trial").)  On March 6, 2023, Caddell filed a motion for leave to proceed *in forma pauperis*, seeking to submit the motion on behalf of himself, and attaching a copy of his inmate account statement at the OCDT.  (ECF No. 5 (the "IFP Motion"); ECF No. 5-1 at PageID 20-21.)

The complaint (ECF No. 1), the IFP Motion (ECF No. 5), the Motion For Appointment Of Counsel (ECF No. 3), and the Motion For Jury Trial (ECF No. 4) are before the Court.  For the reasons explained below: (1) the IFP Motion (ECF No. 5) is GRANTED as to Caddell only; (2) the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE; (3) the Motion For Jury Trial (ECF No. 4) is DENIED WITHOUT PREJUDICE; (4) and the Motion For Appointment Of Counsel (ECF No. 3) is DENIED.

**I.      THE IFP MOTION**

Under §§ 1915(a)-(b) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1]  Although the obligation to pay the fee accrues at the moment the case is filed, the

---

[1] The civil filing fee is three hundred and fifty dollars ($350.00).  *See* 28 U.S.C. § 1914(a).  The Schedule of Fees requires the Clerk to collect an administrative fee of fifty-two dollars ($52.00) for filing any civil case, for a total fee of four hundred and two dollars

2

PLRA provides a prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997), partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). To take advantage of the installment procedures, a prisoner must complete and submit to the District Court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2). When multiple prisoners are plaintiffs, each prisoner is proportionately liable for the filing fee. *Berryman v. Freed*, No. 17-1924, 2018 WL 3954209, at *1 (6th Cir. Aug. 14, 2018) (citing *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1137-38 (6th Cir. 1997) (mem.)).

This case was filed by thirteen (13) Plaintiffs, each of whom is responsible for one-thirteenth of the three hundred and fifty dollar ($350.00) filing fee, or twenty-six dollars and ninety-two cents ($26.92) per Plaintiff (the "Pro Rata Amount"). Only Caddell has submitted a properly completed *in forma pauperis* affidavit and a copy of his inmate trust account statement. (ECF Nos. 5 & 5-1.) The IFP Motion is GRANTED as to Caddell only, in accordance with the terms of the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Caddell cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Caddell's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Caddell's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of the Court. If the funds in Caddell's account are insufficient to pay the full amount of the initial partial filing fee,

---

($402.00). The additional fee of fifty-two dollars ($52.00) does not apply if a plaintiff is granted leave to proceed *in forma pauperis*.

the prison official is instructed to withdraw all of the funds in the Caddell's account and forward them to the Clerk of Court.

On each occasion that funds are subsequently credited to Caddell's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial filing fee is paid in full.  It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Caddell's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Caddell's account during the preceding month, but only when the amount in the account exceeds ten dollars ($10.00), until the entire three hundred and fifty dollar ($350.00) filing fee is paid.

Each time the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of Caddell's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment.  All payments and accounts statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 167 North Main, Ste. 242
> Memphis, TN 38103

and shall clearly identify Caddell's name and the case number as included on the first page of this order.  If Caddell is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address.  If still confined, he shall provide the officials at the new facility with a copy of this order.  If Caddell fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust accounts at the Caddell's prison.  The Clerk is further ORDERED to forward a copy of this order

to the administrator of the jail to ensure that the custodian of Caddell's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

Plaintiffs Pickering, Baker, Perry, Nance, Miller, Bills, Bingh, Dunkle, Raymen, Watkins, Crutchfield, and Powell (collectively, the "IFP-Deficient Plaintiffs") are ORDERED to submit, within twenty-one (21) days of the date of entry of this Order: (1) a properly completed *in forma pauperis* affidavit or (2) the Pro Rata Amount.[2]  The IFP-Deficient Plaintiffs are advised that, if one or more of them comply with this Order and others do not, the complaint will be dismissed as to those IFP-Deficient Plaintiffs who fail to comply.  The remaining Plaintiffs will be responsible for a pro rata share of the entire filing fee, which is three hundred and fifty dollars ($350.00).

## II.    THE COMPLAINT

### A.  Legal Standard

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft*

---

[2]  Because the civil filing fee cannot be divided equally among the thirteen (13) Plaintiffs, the Clerk shall, in the event all IFP-Deficient Plaintiffs comply with this Order, disregard the slight shortfall resulting from the pro rata assessment of the filing fee.  If not all of the IFP-Deficient Plaintiffs comply with this Order, the Pro Rata Amount is subject to change by order of the Court.  If this case proceeds, the Plaintiffs who prosecute the claims in the complaint are responsible, collectively, for the full amount of the three hundred and fifty dollar ($350.00) filing fee.

*v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

    **B.  Failure To State A Claim Under § 1983**

Caddell alleges claims under 42 U.S.C. § 1983.[3] (ECF No. 1 at PageID 1.)  To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The complaint does not clearly set forth the claims of constitutional deprivation alleged against each Defendant.  The complaint recites vague allegations about "the unreasonable and barbaric … strip search" of inmates at the OCDT on January 9, 2023.  (ECF No. 1 at PageID 2 & 5-6 (the "Incident").)  The Incident occurred in response to "inmates overdosing on phentenyl [sic] [and] the spreading of hepatitis by sharing needles."  (*Id*. at PageID 3 & 5.)  The complaint alleges that OCDT officers were looking for "shanks and drugs" during the Incident.  (*Id*. at PageID 7.)  The complaint alleges that female correctional officers used "sexual, racist, and derogatory language" during the Incident (*id*. at PageID 2 & 6-7), including reciting particular comments female officers allegedly made to inmates during the Incident.  (*Id*. at PageID 2-4 & 6-7.)  The complaint alleges that the officers who conducted the strip search "intentionally destroyed items such as headphones[,] religious material[,] [clothing], stamps, books, legal papers, law books, eyeglasses, food purchased from commissary, and etc.."  (*Id*. at PageID 5-6.)  The complaint "ask[s] the Courts [sic] to acknowledge the corruption of the [OCDT] and its employees."  (*Id*. at PageID 6.)  The complaint alleges that OCDT staff could have used x-ray equipment to conduct the strip search, instead of "sexual harassment, theft, verbal assault, vandalism, racism, and etc.."  (*Id*. at PageID 7-8.)

---

[3] Caddell is the only Plaintiff who has submitted a properly completed *in forma pauperis* affidavit and inmate trust account.  *See* Section I., *supra*.  As of the date of this Order, only Caddell has satisfied the requirements of 28 U.S.C. §§ 1914(a) and 1915(a)(2) to warrant the screening of his § 1983 claims under the PLRA.

A pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). The complaint's vague allegations and broad generalizations (ECF No. 1 at PageID 2-8) do not set forth a comprehensible and concise statement of Caddell's claims in compliance with Fed. R. Civ. P. 8(a). The complaint does not allege specific facts about Caddell. There are insufficient factual allegations in the complaint from which to plausibly infer a violation of Caddell's federal constitutional rights. (*See* ECF No. 1 at PageID 2-8.) The complaint effectively asks the Court to create Caddell's claims under § 1983. The Court cannot do so. *See Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Payne v. Secretary of Treasury,* 73 F. App'x 836, 837 (6th Cir. 2003); *Brown*, 415 F. App'x at 612-13.

Caddell is ORDERED to file an amended complaint within twenty-one (21) days of the date of this Order (the "Proposed Amended Complaint" or the "PAC"). In the PAC, Caddell shall clarify the allegations in the complaint by concisely alleging in <u>one</u> document all Defendants and all claims within this Court's jurisdiction. Caddell shall submit the PAC on the form for *Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983*. The PSC must be complete without reference to a prior pleading. The PAC must be signed, and the text of the PAC must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits to the PAC must be identified by number in the text of the PAC and must be attached to the PAC. All claims alleged in the PAC must arise from the facts initially alleged in the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. The PAC must be filed within twenty-day (21) days

of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of claims.

To the extent an IFP-Deficient Plaintiff (1) files a properly completed *in forma pauperis* affidavit or pays that Plaintiff's Pro Rata Amount within twenty-one (21) days of the date of entry of this Order and (2) wishes to pursue claims in this case, that IFP-Deficient Plaintiff shall set forth allegations in the PAC, which shall be filed within twenty-one (21) days of the date of this Order.  The PAC must be signed by each Plaintiff who alleges claims in that amended pleading.

The complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

### III.     THE MOTION FOR JURY TRIAL

The Motion For Jury Trial is construed as a motion filed by Caddell on his own behalf. (*See* ECF No. 4 at PageID 16 (signed by Caddell).)

Rule 11(a) of the Federal Rules of Civil Procedure provides:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name -- or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number.

Fed. R. Civ. P. 11(a).  Filings submitted to the Court are construed as filings on behalf of the party(ies) who signed the filed submission.

Caddell filed the Motion For Jury Trial seventeen (17) days after the complaint was filed. (ECF No. 4.)  Caddell represents that he filed the Motion For Jury Trial because the Plaintiffs "did not have access to the original [§] 1983 form giving us a[n] option to request a jury trial." (*Id*. at PageID 4.)

9

To the extent Caddell and any IFP-Deficient Plaintiff seek a jury trial, they shall state their request for a jury trial in the PAC described above. The Motion For Jury Trial (ECF No. 4) is DENIED WITHOUT PREJUDICE.

The Clerk SHALL MAIL a copy of the "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983" form to each of the thirteen (13) Plaintiffs.

## IV. THE MOTION FOR APPOINTMENT OF COUNSEL

The Motion For Appointment Of Counsel seeks counsel "to assist us with … future matters pertaining to the case." (*Id.*) The Motion For Appointment Of Counsel is construed as a motion filed by Caddell. (*See* ECF No. 3 at PageID 12 (signed by Caddell).) The Motion does not warrant the relief Caddell seeks.

"The court may request an attorney to represent any person unable to afford counsel," *see* 28 U.S.C. § 1915(e)(1), but "[t]here is no constitutional or ... statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993); *accord Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The appointment of counsel in a civil proceeding is a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are slim. *Id.*

The decision to appoint counsel for an indigent litigant in a civil case is a matter vested within the broad discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1384 (6th Cir. 1987); *see also Lavado*, 992 F.2d at 604-05. A court generally will appoint counsel only in "exceptional circumstances." *Id.* at 605-06; *accord Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). To determine whether a case meets this standard, a court examines the pleadings and documents to assess the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to

10

retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether there are exceptional circumstances] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help").

Caddell states no basis for appointment of counsel. To the extent Caddell seeks counsel because Caddell lacks formal legal training, his argument is unpersuasive. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *2 (6th Cir. June 23, 2000) ("The district court had no duty to remedy [Plaintiff's] lack of legal training by appointing counsel, as no constitutional right to counsel exists in a civil case") (citing *Lavado*, 992 F.2d at 605-06). Like all prisoners proceeding *pro se* before the Court, Caddell must familiarize himself with, and follow, the Court's Local Rules and the Federal Rules of Civil Procedure. *See Howard*, 2000 WL 876770, at *2.

The Motion For Appointment Of Counsel (ECF No. 3) is DENIED because Caddell does not demonstrate exceptional circumstances warranting appointment of counsel.

V. **CONCLUSION**

For the reasons explained above:

A. The IFP Motion (ECF No. 5) is GRANTED as to Caddell. The IFP-Deficient Plaintiffs are ORDERED to submit, within twenty-one (21) days of the date of entry of this Order: (1) a properly completed *in forma pauperis* affidavit or (2) their Pro Rata Amount, in accordance with the conditions outlined in Section I of this Order.

B. The complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B)

11

and 1915A(b). Leave to amend the complaint GRANTED, in accordance with the conditions explained in Section II of this Order. If a Proposed Amended Complaint is not filed within the time specified, the Court will dismiss the complaint with prejudice in its entirety and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

      C.      The Motion For Jury Trial (ECF No. 4) is DENIED WITHOUT PREJUDICE, subject to Caddell's and the IFP-Deficient Plaintiffs' right to request a jury trial in the Proposed Amended Complaint.

      D.      The Motion For Appointment Of Counsel (ECF No. 3) is DENIED WITHOUT PREJUDICE, subject to Caddell's and the IFP-Deficient Plaintiffs' right to re-file a motion seeking appointment of counsel if the case proceeds.

      IT IS SO ORDERED, this 30th day of May, 2023.

                                     /s/ *Samuel H. Mays, Jr.*
                                     SAMUEL H. MAYS, JR.
                                     UNITED STATES DISTRICT JUDGE